**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
  *Counsel for Constable Douglas Clark and Constable Steven Perkins,*
  *in their official capacities*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF ARIZONA

| | |
|---|---|
| Rick Mungeam, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Douglas Clark, et al.,<br><br>　　　　　　　　Defendants. | Case No. CV-24-01631-PHX-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND DEADLINE FOR PLAINTIFFS' EXPERT IDENTITY AND OPINIONS AND EXTEND LAY WITNESS DEADLINE (OPPOSED)**<br><br>[Docs. 61, 61-1] |

　　　　Defendants Constable Douglas Clark, in his official capacity as a Maricopa County Constable, and Constable Steven Perkins, in his official capacity as a Maricopa County Constable (hereinafter the "Defendants"), by and through undersigned counsel, hereby submit their Response to Plaintiffs' Motion to Extend Deadline for Plaintiffs' Expert Identity and Opinions and Extend Lay Witness Deadline (Opposed), by requesting that Plaintiffs' Motion be denied.

　　　　Fed.R.Civ.P. 16 applies when the Court has imposed case deadlines, and the relief a party seeks is an extension of a case deadline.  Fed.R.Civ.P 16(b) provides that deadlines established in a case management order may "be modified only for good cause[.]"  Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent"); see *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir.

1992). The Fed.R.Civ.P. 16 "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609; *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The "good cause" standard for amending a Rule 16 scheduling order is satisfied only where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, *id.,* (citing Fed. R. Civ. P. 16, Advisory Comm. Notes (1983 Am.)). Due diligence may be shown by a movant demonstrating (1) that it was diligent in assisting in the creation of a workable Rule 16 order; (2) that its noncompliance with a Rule 16 deadline occurred, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that it was diligent in seeking amendment of the Rule 16 order once it became apparent that the movant could not comply with the order. *See also Gilbert MH, LLC v. Gilbert Fam. Hosp., LLC*, No. CV-18-04046-PHX-SPL, 2020 WL 2559802, at *2 (D. Ariz. May 19, 2020), citing *Morgal, supra*.

Plaintiffs' Motion does not mention Rule 16 and Plaintiffs neither argue Rule 16 "good cause," nor make any showing of due diligence. Plaintiffs claim that attorney Chad Schatz is "assigned to this matter [and] is newly associated with the firm and has recently assumed responsibility for the case." Doc. 61, pg. 1, lls. 22-24. However, Plaintiffs' lead counsel has always been, and remains, J. Blake Mayes. On July 11, 2025, this Court amended the scheduling order (making Plaintiffs' Motion the second request), setting January 7, 2026 as Plaintiffs' expert disclosure deadline. On October 24, 2025, Plaintiffs filed their notice of "the association of Chad J. Schatz . . . as *additional* counsel for Plaintiff," and that "J. Blake Mayes *and* Chad J. Schatz will continue representing Plaintiff in this action." Doc. 54 (emphasis added). Plaintiffs' Motion for Extension makes no mention, however, of any "diligent efforts" taken by Mr. Mayes after July 11, 2025, or Mr. Schatz after October 24, 2025, to meet the January 7, 2026 expert disclosure deadline. Instead, Plaintiffs' Motion argues that the file must undergo a "thorough review." Doc. 61, pg. 1, lls. 24-27. That statement says nothing about "diligent efforts" to obtain an expert

witness, or the timely disclosure of a conforming expert report. Moreover, Plaintiffs' Motion fails to describe any development of matters which could not have been reasonably foreseen or anticipated that prevented Plaintiffs' timely disclosure. Finally, the request for extension itself occurred at the last minute, having been filed the day before the disclosure would have been due. Without a showing of "good cause," through the exercise of "due diligence," Plaintiffs' Motion lacks sufficient foundation.

Plaintiffs also state that there "will be no prejudice to Defendants, and the proposed extension does not affect any of the other deadlines set by the scheduling Order." Doc. 61, pg. 2, lls. 1-2. That is not true. Plaintiffs' deadline for expert and lay witness disclosure was January 7, 2026. Doc. 50, pg. 2, ¶ E. Plaintiffs seek an extension to March 8, 2026. Docs. 61, 61-1. Defendants' expert disclosure, however, is February 25, 2026. *Id*. This Court's Order does not allow for further expert disclosures after February 25, 2026. *Id*. First, if granted, the intent of the Scheduling Order is reversed; instead of requiring Plaintiffs' expert and witness disclosures first, giving Defendants the opportunity to review and consider Plaintiffs' disclosures in assessing their own; the party with the burden of proof - Plaintiffs – would be allowed to disclose last, and with no rebuttal. The prejudice to Defendants is readily apparent, having no idea who Plaintiffs' experts will actually be, and having no opportunity to respond.

For all of the foregoing reasons, Plaintiffs' Motion lacks support under Rule 16, and their proposal is clearly prejudicial to Defendants. The Motion must be denied.

DATED this 15th day of January, 2026.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Defendants Constable Douglas Clark and Constable Steven Perkins, in their official capacities*

## CERTIFICATE OF FILING & SERVICE

I hereby certify that on January 15, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

J. Blake Mayes
Chad J. Schatz
Mayes Telles PLLC
3636 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
E: blake@mayestelles.com
E: courts@mayestelles.com
  *Counsel for Plaintiffs*

By: s/ *Valerie Hall*